UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JEAN ROMEO, individually and as the
Administratrix of the Estate of JOHN PRODAN;
and ESTATE OF JOHN PRODAN , on behalf of
the decedent, JOHN PRODAN,
                                        Plaintiffs,

                    -against-

AID TO THE DEVELOPMENTALLY DISABLED,
INC; BOARD OF DIRECTORS, AID TO THE
DEVELOPMENTALLY DISABLED, INC.;
INDIVIDUAL GROUP HOME LIVING
PROGRAM, INC. ;  B0ARD OF DIRECTORS,
INDIVIDUAL GROUP HOME LIVING
PROGRAM, INC.; DONALD REIB, Individually
 and in his Capacity As Executive Director,
 AID TO THE DEVELOPMENTALLY DISABLED;
SALLYANN BURGESS, Individually and in her
Capacity as Quality Assurance Officer for
AID TO THE DEVELOPMENTALLY DISABLED;
STACEY RHODE , Individually and in her official
Capacity as Resident Manager AID TO THE
DEVELOPMENTALLY DISABLED; PAULA WANAT,
Individually and in her capacity as Program Director,
QMRP, AID TO THE DEVELOPMENTALLY
DISABLED;  STEPHANIE BOLOGNESE, Nursing
Coordinator, AID TO THE DEVELOPMENTALLY
DISABLED; JAMESPHILIPS, Individually and
 in his capacity as a Direct Care Counselor, AID TO
 THE DEVELOPMENTALLY DISABLED;
MARGARET PROKOP  R.N.; Individually and in her
capacity as Registered Nurse, AID TO THE
 DEVELOPMENTALLY DISABLED; WALTER
 STOCKTON, individually and in his Capacity as
 Executive Director of INDEPENDENT
GROUP HOME OF LONG ISLAND; WILLIAM HERRICK,
Individually and in his capacity as Quality Assurance
Officer for the INDEPENDENT GROUP  HOME OF
LONG ISLAND;  VICTOR TAYLOR, Individually;
GERALD HUBER Individually; ROBERT LOPEZ,
Individually.
                                        Defendants.

----------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   DEC 2 8 2011   ★

LONG ISLAND OFFICE
VERIFIED COMPLAINT
PLAINTIFFS DEMAND
TRIAL BY JURY

# CV 11 6340
# SEYBERT, J
## BROWN, M.J.

**SUMMONS ISSUED**

Plaintiffs, by their attorney, HARRIET A. GILLIAM, as and for their complaint against the above-captioned defendants respectfully sets forth as follows:

## NATURE OF THE SUIT

1.  This action is brought for money damages and declaratory judgment against the above captioned defendants, individually and collectively, for committing acts under the color of State law that deprived plaintiffs of their rights as secured by the Constitution and laws of the United States and the State of New York, including denial of due process, cruel and unusual punishment, unlawful use of excessive force resulting in death, negligence, intentional infliction of emotional distress, neglect, wrongful death, failure to properly train and negligent supervision, all in violation of 42 U.S.C. Sections 1983, 1985 and 1986 and related state law claims as set forth herein.

2.  Plaintiffs further allege that defendants have violated their rights under the Protection and Advocacy for Mentally Ill Individuals Act of 1986 (PAMII) 42 U.S. C. Section 10801, et seq. as well as various provisions of the New York State Mental Hygiene Law and accompanying regulations.

## JURISDICTION AND VENUE

3.  This action is brought pursuant to 42 U.S. C. 1983 et seq. and the Fourteenth Amendments to the U.S. Constitution.

4.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 1346 and 2301;

1

5.  This Court has supplemental jurisdiction over plaintiffs' state law claims by reason of 28 U.S. C. Section 1367.

6.  Venue in this Court is proper pursuant to 28 U.S. C. Section 1391.

## PARTIES

7.  During all times mentioned in this complaint, plaintiffs' decedent, JOHN PRODAN was, prior to his death, declared a mentally retarded disabled person, resident of the United States, residing in the State of New York, and the County of Suffolk.

8.  Plaintiff, JEAN ROMEO, at all times hereinafter mentioned, was and still is, a citizen of the United States and a resident of the State of New York, residing within the Eastern District , within the town of Brookhaven.

9.  Plaintiff, JEAN ROMEO, at all times hereinafter mentioned, was the sister of the decedent JOHN PRODAN, was the legal representative of decedent JOHN PRODAN, during his residency at defendant ADD, Inc. and during his participation in day program at IGHL, INC.

10.  Plaintiff JEAN ROMEO was acknowledged  as a "qualified person" under Article 33  of the New York State Mental Hygiene Law by defendants ADD, INC and IGHL, INC.

11.  As a qualified person, plaintiff Jean Romeo was entitled to and did receive copies of  what defendant ADD, INC. represented to be incident reports and records and documents pertaining to allegations and investigations of abuse or maltreatment of decedent John Prodan and injuries sustained by decedent John Prodan.

12.  On or about,  March 3, 2011, plaintiff, JEAN ROMEO, was duly appointed Administrator of the Estate of JOHN PRODAN, by decree of the Honorable John H. Czigier, Surrogate of Suffolk County, Surrogate's Court of Suffolk County, which empowers her to

2

prosecute the instant action.

13. Defendant Aid to the Developmentally Disabled, Inc. ( ADD, Inc.) , upon information and belief, is a corporation duly organized and existing pursuant to the laws of the State of New York and doing business in the State of New York and pursuant to the laws of the State of New York, and maintains a principal place of business at 901 East Main Street, Riverhead, New York 11901.

14. Defendant ADD, Inc. is licensed, regulated and controlled by New York State law is a provider agency operating facilities, programs and services which are certified, authorized and funded through contracts with New York State Office for Persons with Developmental Disabilities (OPWDD) to provide residential care and services to mentally disabled individuals.

15. Pursuant to New York Mental Hygiene Law, ADD, Inc. is subject to regulation, licensing, and oversight by the commissioner of mental retardation and developmental disabilities.

16. Defendant ADD, Inc. is subject to the regulations of the New York State Office of Persons With Developmental Disabilities (OPWDD), 14 NYCRR Part 624, concerning the management of incidents and allegations of abuse.

17. Pursuant to the regulations at 14 NYCRR 624.2(a) , ADD, Inc. is required to report, investigate, review, correct and/or monitor reportable incidents, serious reportable incidents  and allegations of abuse in order to enhance the quality of care provided to persons with developmental disabilities entrusted to its care, protect them from harm and to ensure that such persons are free from mental and physical abuse.

18. Defendant ADD, Inc., as a  provider agency, is required to ensure that

3

staff report untoward events or situations; to give immediate care and protection
and protect the dignity of people with developmental disabilities; to investigate why
incidents and abuse occur and take steps to prevent a similar incident from happening
again; and develop procedures and provide staff training to prevent similar incidents
in the future.

19.  Defendant ADD, Inc,, as a provider agency is required to report serious
 reportable incidents and allegations of abuse, including violations of
a person's civil rights,  to OPWDD  via the local Developmental Disabilities Services Office
(DDSO) in writing .

20.  Defendant Board of Directors of ADD, Inc. is the over-all policy-making authority,
that exercises general direction over the affairs of the agency and establishes policies
concerning its operations for the welfare of the persons it serves.

21. Defendant Board of Directors of ADD, Inc. is the governing body of the defendant
corporation ADD, Inc. and charge with ensuring the effectiveness of the identification,
recording, investigation, review and corrective actions with regard to events or situations
involving persons receiving services or entrusted to its care, pursuant to 14 NYCRR 624.2(h).

22.  Defendant ADD is a self-reporting agency under the laws of the State of New
York, and is accordingly mandated to investigate and report incidents of abuse, maltreatment or
neglect to the State of New York through  LIDDSO, under the supervision of defendants Huber
and Lopez, pursuant to the New York State Mental Hygiene law and regulations promulgated
thereunder.

23.  Defendant ADD, Inc.  is required to report and investigate all allegations of abuse
and all  incidents of injury or harm to residents entrusted to their care by the

4

the State of New York  via the LIDDSO and to act in concert with the LIDDSO with respect to the investigation of any reportable incident.

24.  ADD, Inc. is required to report to LIDDSO  any suspected or confirmed harm, hurt or damage to a person receiving services, caused by an act of that person or another,  or any injury which results in the admission of a person to a hospital for treatment or observation because of the injury.

25.  Defendant Donald Reib, at all times relevant hereto, was and still is employed as the Executive Director of ADD,Inc.

26.  Defendant Sallyann Burgess, at all times relevant hereto, was and still is employed as the Quality Assurance Officer for defendant ADD.Inc

27.  Defendant Stacey Rhode , at all times relevant hereto, was and still is employed as the Residential Manager  for ADD, Inc for the Northville home

28.  Defendant Paula Wanat, at all times relevant hereto, was and still is employed as the Program Director, QMRP for defendant ADD, Inc.

29.  Defendant Bolognese, at all times relevant hereto, was employed as the Nursing Coordinator for defendant ADD, Inc.

30.  Defendant Margaret Prokop, RN  , at all times relevant hereto, was employed as the Registered Nurse assigned to the Northville  group home of defendant ADD, Inc.

31.  Defendant Philips at all times relevant hereto, was employed as a direct care counselor at the Northville group home facility of defendant ADD,Inc., working under the direct supervision of defendant Rhode..

32.  Defendant IGHL, upon information and belief, is a corporation duly organized and existing pursuant to the laws of the State of New York and doing business in the State of New

5

and pursuant to the laws of the State of New York,

33. Defendant, IGHL, Inc. is licensed by the State of New York to provide care and treatment to the mentally disabled and is subject to regulation, licensing and oversight by the commissioner of mental retardation and developmental disabilities.

34. Defendant IGHL, Inc. is responsible for documenting and investigating incidents of serious injury.

35. Defendant Walter Stockton, at all times relevant hereto, was and still is employed as the Chief Executive Officer of defendant IGHL.

36. Defendant William Herrick, at all times relevant hereto, was and still is employed as the Director of Quality Assurance for defendant IGHL.

37. Upon information and belief, defendant Victor Taylor, at all times relevant hereto, was and still is employed by the State of New York, Commission on Quality Care & Advocacy for Persons with Disabilities, as a Facility Review Specialist II.

38. Defendant Gerald Huber, at all times relevant hereto, was employed by the State of New York as the Director of Long Island DDSO, and responsible for providing oversight of incident management of programs operated by defendants ADD, Inc. and IGHL and ensures that the rights, health and safety of persons receiving services from ADD, Inc or IGHL are protected. .

39. Defendant Robert Lopez, at all times relevant hereto, was and still is employed as the Assistant Director of Long Island DDSO.

40. At all times relevant hereto, and in all their actions described herein, the defendants were acting under color of state law.

41. All defendants supervised, participated in, approved, carried out and were aware

of, but failed to prevent the alleged activities complained of herein and are being named in their individual as well as their official capacities as employees/administrators of ADD, Inc. , and IGHL, respectively.

42. At all times relevant herein, defendants Taylor, Huber and Lopez, were responsible for overseeing and supervising the quality of care received by decedent Prodan and are named in their individual capacities.

## IV. FACTS

43. Decedent John Prodan was born July 16, 1951.

44. At approximately 7 or 8 years of age, decedent Prodan was diagnosed as being mentally retarded.

45. Decedent Prodan remained at home, being taught primarily by his sister, plaintiff Jean Romeo until he was admitted to the Long Island Developmental Center in March of 1970.

46. Decedent Prodan remained at Long Island Developmental Center until his placement into the Aid to the Developmentally Disabled on March 30, 1984.

47. On March 23, 1987 decedent John Prodan was placed in the IGHL Southampton Day Treatment Center.

48. Upon information and belief, decedent was subject to excessive force and cruel and unusual treatment by defendant Philips while a resident at defendant ADD. Inc, in that Philips was observed pushing plaintiff's decedent into a wall.

49. Notwithstanding complaints made by a staff member of the abusive treatment Decedent Prodan received at the hands of defendant Phillips, defendant ADD, Inc., Reib, Burgess, and Rhode failed to file an allegation of physical abuse.

50. On December 2, 2009 decedent John Prodan had a fall at the day treatment program

7

at IGHL while being given a shower.

51. Decedent John Prodan was being given a shower at the day program because he had such body odor due to the failure of the staff at the residential program at ADD, Inc. to provide him with proper personal hygiene care.

52. Upon information and belief, a direct care counselor at IGHL contacted ADD to advise the defendant Margaret Prokop RN that decedent John Prodan had fallen in the shower and requested that ADD staff meet her at Peconic Bay Medical Center with decedent's chart . However, defendant Prokop directed that decedent be returned to ADD rather than being transported directly to Peconic Bay Medical Center.

53. Upon information and belief, following his fall at IGHL on December 2, 2009, per defendant Prokan's instructions, plaintiff's decedent remained at the day program until his normally scheduled return to ADD, Inc.

54. Upon information and belief, on the following day, December 3, 2009 plaintiff's decedent was observed crying out in pain that his back hurt: Defendant Prokan was notified, but no action was taken to have plaintiff's decedent checked.

55. Upon information and belief, two days after the fall, on December 4, 2009, decedent was exhibiting unusual behavior, in that he had an episode of feces incontinence, he was still complaining of back pain and he did not want to get out of bed or eat breakfast.

56. Upon information and belief, a staff member volunteered to take plaintiff's decedent to the hospital immediately, however she was told no and that it could wait until defendant Philips arrived after being called in by defendant Rhode.

57. Upon information and belief, defendant Philips did take plaintiff's decedent to the Peconic Bay Medical Center on December 4, 3009, upon his arrival .

8

58. On December 4, 2009, at Peconic Bay Medical Center, a CAT scan was performed on plaintiff's decedent, identifying a laceration to his spleen.

59. Plaintiff's decedent was transferred and admitted to Stony Brook University Hospital on December 5, 2009 for further testing, where he was diagnosed as having a fractured spine and he underwent surgery on December 7· 2009 for spinal fusion.

60. Upon information and belief, plaintiff's decedent, JOHN PRODAN, could not undergo surgery immediately at Stony Brook University Hospital because he was diagnosed as being malnourished.

61. Upon information and belief, the diagnosis that plaintiff's decedent suffered from malnutrition was a direct result of ADD, Inc.'s failure to ensure proper diet for him while in its custody and care.

62. By letter dated December 7, 2009, defendant Sallyanne Burgess notified plaintiff Jean Romeo by forwarding plaintiff a copy of the Office of Mental Retardation and Developmentally Disabled, report on actions taken and incident summary addressing the December 2, 2009 incident and advised plaintiff that the incident was upgraded to a serious reportable injury on December 5, 2009.

63. Upon information and belief, defendant ADD, Inc. and Burgess and Rhode failed to report the incident immediately to OMRDD through LIDDSO.

64. Defendant Burgess also advised plaintiff Romeo that there would be a full investigation into the incident and a meeting of the incident review committee to discuss recommendations and preventative stratagies. .

65. Upon information and belief, defendants ADD, Inc. Burgess and Rhode never

9

conducted a full investigation of the incident leading up to and resulting in plaintiff decedent's fall in the shower at IGHL on December 2, 2009.

66. Plaintiff's decedent was discharged from Stony Brook University Hospital on December 11, 2009.

67. Defendant Rhode mislead plaintiff Romeo to belief that defendant ADD, Inc. at the Northville residence had the staff and the means to provide care for plaintiff's decedent following his surgery.

68. Plaintiff Romeo relied upon defendant Rhode's representations and agreed to have Plaintiff's decedent returned to ADD, Inc.'s Northville residence rather than go to a rehabilitation center.

69. Following complications while in the care and custody of defendant ADD, Inc infection set in at the operative site and decedent was readmitted to Stony Brook University Hospital on December 12, 2009 where he had two drains and a wound vac in place.

70. Upon information and belief, defendant ADD had inadequate and untrained staff and insufficient monitoring of decedent to ensure proper and appropriate treatment of the wound site in order to avoid complications or infections.

71. Upon information and belief, as a result of defendant ADD,Inc. and its employees and agents' failure to properly treat the wound site and the drains, decedent developed a serious infection which resulted in his readmission to Stony Brook University Hospital and subjected him to further surgical proceedings.

72. Upon information and belief, defendants ADD failed to conduct any investigation as to the reason that decedent developed the infection.

10

73. Upon information and belief, defendants ADD, Reib, Burgess , Rhodes,and Wanat as a part of a pattern, practice and custom, failed to properly investigate, supervise and discipline the actions of defendant James Philips before, during and after the improper and abusive treatment of plaintiff's decedent.

74. Upon information and belief, defendants ADD. Reib , Bugess, Rhodes and Wanat and Bolognese  were negligent in hiring, training and supervising defendant direct care counselors and nursing staff, thereby , leading to the unjustified excessive force, assault and death of plaintiff's decedent.

75. Upon information and belief, defendant James Philips,without lawful justification and in violation of OPDWDD regulation, acted with the tacit authorization and condonement of defendants   ADD, Reib , Burgess, Rhodes, Wanat and Prokop  and proceeded to use unnecessary force and negligently and purposefully, intentionally, maliciously and violently shoved and pushed Plaintiff's decedent, without care or caution as to their acts, leading to and causing painful and grave injuries to plaintiff's decedent.

76. Upon information and belief, during the investigation of the incidents,ADD defendants  Reib, Burgess, Rhodes,  and OPWDD defendants Taylor ,Huber and Lopez collectively conspired and contrived  facts and a false story in an attempt to cover up their negligent supervision and investigation and the  wrongful actions and excessive force visited upon plaintiff's decedent in order to avoid liability and responsibility.

77. Upon information and belief, defendants ADD, Reib, Burgess, Rhodes and Wanat as part of a custom, policy and practice whereby said defendants immediately side with staff in cases of incidents of abuse against the mentally disabled/ill without conducting a thorough or adequate investigation into the facts or evidence.

11

78. From December, 2009, through the present, the ADD, Inc. and OPWDD entity defendants have conspired with one another to conceal information and evidence about wrongdoing towards plaintiff's decedent, by each refusing to fully investigate the allegation of physical abuse and negligent care of plaintiff decedent.

79. Upon information and belief, the defendant IGHL, Inc. and its agents and employees were negligent in allowing the decedent to fall in the shower, thereby resulting in serious bodily harm.

80. Upon information and belief, decedent's fall in the shower constituted a serious reportable incident.

81. Defendant IGHL and its agents and employees had a duty under New York State law to report and investigate decedent's fall in the shower while he was in their custody and care during a day program.

82. Defendant IGHL denied that decedent experienced a fall in the shower while attending their day program.

83. Upon information and belief, defendant IGHL and its agents and employees failed to report to the LIDDSO or the New York State Office of Mental Retardation and Disability Developments and failed to investigate the serious incident.

84. Plaintiff's decedent, JOHN PRODAN died on May 1, 2009 ,cause of death being determined following an autopsy, as resulting from a fall in the shower at his day treatment program where he sustained a fractures of his spine. .

85. To date, defendant IGHL, Inc. has failed to acknowledge to plaintiff and has failed to report to the appropriate State investigative and monitoring authorities that the

12

Plaintiffs' decedent had a fall in the shower while in its custody and care at its day

program and that he sustained a serious reportable injury.

## FIRST CAUSE OF ACTION
Section 1983 Fourteenth Amendment Violations

86.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in

Paragraphs 1-85 of this complaint with the same force and effect as though fully set forth

herein.

87.  The defendants ADD, Inc. , Reib, Burgess, Rhodes, Wanat, Philips and Prokop,

acting under color of law and powers proscribed to them by the United States Consitution,

Federal and state laws, violated the Fourteenth Amendment and 42 U.S.C. Section 1983, by

subjecting the Plaintiff's decedent, JOHN PRODAN, to harsh treatment.

88.  Defendants ADD, Inc. Reib, Burgess, Rhodes, Wanat, Bolognese and Prokop, acting

under color of law and powers proscribed to them by the United States Constitution, Federal and

State laws, violated the Fourteenth Amendment and 42 U,S.C. Section 1983 by failing to provide

due process of law and/or equal protection of the plaintiff's decedent's rights, in that said

defendants failed to provide any level of investigation, discipline and or

actions taken to redress the wrongs visited upon JOHN PRODAN.

89.  Defendant ADD, Reib, Burgess, Rhodes, Wanat, Prokon and Philips , acting under

color of law and powers prescribed to them by the United States Constitution, federal and state

laws, violated the Fourteenth Amendment and 42 U.S.C. Section 1983 by subjecting plaintiff's

decedent, JOHN PRODAN, to excessively harsh brutality, unduly forceful contact and excessive

use of force, when compared to the type and degree of restraint and/or force that is permitted

13

under OPWDD regulations and policies

90. Defendants ADD, Reib, Burgess,Rhodes, Wanat, Bolognese and Prokon failed to provide due process of the law to plaintiff's decedent and plaintiff when said defendants failed to provide the required level of investigation, discipline and/or action to redress the wrongs visited upon plaintiff's decedent, JOHN PRODAN.

91. Defendant ADD and Reib were reckless, negligent and/or deliberately indifferent in their hiring, training and supervision of their staff, including defendant Philips in particular, with respect to use of force on a mentally ill person such as plaintiff's decedent, JOHN PRODAN.

92. Defendants ADD, Reib, Burgess, Rhode, Wanat, Bolognese and Prokon promoted and enabled procedures permitting the types of actions taken by defendant Philips, which resulted in a violation of JOHN PRODAN's constitutional and civil rights and which further physically harmed him by failing to promulgate procedures and/or monitor and enforce compliance with established policies and procedures for the handling of the mentally retarded, which resulted in the violation of JOHN PRODAN's constitutional and civil rights, as well as physical harm to him.

93. As a result of the actions and omissions of defendants ADD, Reib, Burgess, Rhode, Wanat, Bolognese and Prokon, there was a failure to employ appropriate procedures to physically safeguard JOHN PRODAN, a mentally retarded person to minimize the escalation of inappropriate physical force used against him.

94. Defendants ADD, Reib, Burgess, Rhode , Wanat, Bolognese and Prokan had a duty to investigate and discipline its staff for misconduct, including but not limited to defendant Philips.

14

95. As a direct result of the above acts and omissions, the defendants ADD, Reib, Burgess, Rhode, Wanat, Bolognese and Proken caused direct physical and emotional injuries to JOHN PRODAN and have caused him and his family to suffer, including pain and suffering, physical trauma, emotional trauma and death, unbearable grief, sadness, depression and anger.

## SECOND CAUSE OF ACTION
42 U.S.C. Section 1983- Excessive Use of Force

96. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs 1- 95 of this complaint with the same force and effect as though fully set forth herein.

97. Upon information and belief, the wrongful acts and level of physical force conducted against the plaintiff's decedent, JOHN PRODAN, the ADD defendants, including but not limited to defendant Philips, constituted unreasonable, unnecessary, and excessive use of force by a direct care counselor in the handling of a mentally retarded person, far beyond what was deemed appropriate under OPWDD's regulation and policies of restraint. As such, the ADD Defendants were negligent, reckless and unreasonable and unauthorized, as defendants had a duty to not subject plaintiff's decedent to vicious and brutal actions, but failed to prevent the same and breached their duty, in violation of the Fourteenth and Fourth Amendment, and 42 U.S,C. Section 1983.

98. ADD defendants further used unnecessary, excessive and deadly force against decedent JOHN PRODAN, by failing to utilize such safer and more appropriate use of force against a mentally ill person, and failed to use or promulgate procedures and/or monitor and

15

enforce compliance with established policies and procedures for the handling of mentally ill or emotionally disturbed persons, which resulted in the excessive force violation of JOHN PRODAN's constitutional and civil rights as secured by Section 1983 and OPWDD policies and Bill of Rights.

99.   As a consequence of the ADD defendants' use of excessive force and defendants' wrongful, negligent behavior and violation of state and federal laws, plaintiff's decedent JOHN PRODAN was subjected to serious injury and great pain, and plaintiff suffered emotional distress, loss of her brother and pain and suffering. As a result of ADD's acts, plaintiff suffered and is entitled to damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.


## THIRD CAUSE OF ACTION
Negligence- ADD, Inc. Defendants

100.   Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 99 inclusive of this complaint, with the same force and effect as though herein fully set forth.

101.   In the acts and omissions complained of herein, the ADD, Inc. defendants acted negligently , in that they had a duty to provide a safe environment for the care  of Plaintiff's decedent JOHN PRODAN,  and to not act in a manner which would cause him physical harm or cause him to be neglected in his personal hygiene and care. ADD, Inc. defendants breached that duty to act with reasonable care and caution when they caused or allowed plaintiffs' decedent to be physically abused and failed

16

to take appropriate action under state regulations to report, investigate and address the physical abuse.

102.  In further derogation of their duty, ADD, Inc. defendant Philips failed to follow established state protocol , policies and procedures for handling plaintiff's decedent, JOHN PRODAN, as a mentally ill person.

103.  In further derogation of their duty, ADD, Inc. defendants Bolognes and  Prokan failed to properly respond to injuries sustained by plaintiffs' decedent and failed to ensure that plaintiff's decedent receive appropriate and timely medical attention with respect to his injuries sustained while in the care and custody of defendant ADD, Inc. and further failed to ensure that Plaintiffs' decedent received appropriate care following his discharge from Stony Brook University Hospital.

104. Upon information and belief, ADD, Inc. violated the rights of plaintiffs' decedent JOHN PRODAN, secured under the Fourteenth Amendment and 42 U.S.C. 1983 and were careless, negligent and reckless in the care and treatment of plaintiffs' decedent JOHN PRODAN, in failing to have properly trained personnel to care for him; in failing to have proper supervision of defendants Philips, Prokan and Rhodes, in the care of plaintiff's decedent; in failing to timely assess and address plaintiff's decedent medical condition; in failing to provide the appropriate and necessary care to plaintiff's decedent upon his discharge from Stony Brook University Hospital; in failing to provide appropriate services, treatment or care by gross error in judgment, inattention or ignoring plaintiff decedent's condition.

105.  By reason of the foregoing, plaintiffs have suffered damages and is entitled to damages sustained to date and continuing, as well as punitive damages, costs and attorney's fees

17

against the ADD, INC. defendants, to be held jointly and severally liable.

## FOURTH CAUSE OF ACTION
### Negligence- IGHL Defendants

106. Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 105 inclusive of this complaint, with the same force and effect as though herein fully set forth.

107. Defendant, IGHL, Inc. had a duty to properly care for plaintiff's decedent while he was in its custody and care during the day program. Defendant IGHL, Inc. breached said duty when it allowed plaintiffs' decedent to fall in the shower while in attendance at its day program.

108. Defendant IGHL, Inc. further had a duty to act to ensure that plaintiff's decedent received immediate and appropriate medical care and that his condition be properly assessed.

109. Defendant IGHL, had a duty to investigate, report and correct the situation of plaintiff decedent's fall which occurred while plaintiff decedent was in its care at the time the situation occurred.

110. Upon information and belief, IGHL, Inc. , their agents, employees, and/or servants violated the rights of plaintiff's decedent JOHN PRODAN, secured under the Fourteenth Amendment and 42 U.S.C. Section 1983, and were careless, negligent and reckless in the care and treatment of JOHN PRODAN in failing to have properly trained personnel to care for him and address the emergency situation; in failing to properly respond to the emergency situation of his fall in the shower; in failing to assess his condition; in failing to ensure that he received appropriate and immediate medical attention;

111. In further derogation of its duty, IGHL, Inc. failed to notify plaintiff of the incident and failed to notify New York State authorities of the incident and to conduct the required

18

investigation under New York state law and regulations and procedures of OMRDD.

112. To date, IGHL, Inc. continues to fail to acknowledge that the incident with plaintiff's decedent occurred and continues to be in breach of its duty to notify plaintiff and the appropriate State authorities and to take the appropriate investigative and disciplinary measures as required by State law and rules and regulation.

113. As a result of IGHL, Inc. defendants' actions, plaintiffs have suffered and are entitled to damages sustained to date and continuing, as well as punitive damages, costs and attorney's fees against the IGHL, Inc. defendants, to be held jointly and severally liable.

### FIFTH CAUSE OF ACTION
Defendants Huber, Lopez and Taylor

114. Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 113 with the same force and effect as though herein fully set forth.

115. Defendants Huber and Lopez at all times mentioned herein were acting as agents and employees of the Long Island DDSO, the local State agency charged with monitoring and supervising the actions of defendants ADD, Inc. and IGHL, Inc.

116. Defendants Huber and Lopez failed to take the required actions to cause defendants ADD, Inc. and IGHL, Inc. to address, investigate and respond to the conditions which led up to plaintiff's decedent JOHN PRODAN sustaining injuries while in the custody and care of Defendants ADD, Inc. and IGHL, Inc., thereby violating the plaintiffs' due process rights

117. Defendant Taylor failed to investigate the circumstances of plaintiff's decedent's injuries and death, in violation of plaintiffs' due process rights.

118. That by reason of the foregoing, plaintiffs suffered and are entitled to damages

19

sustained to date and continuing, as well as punitive damages, costs and attorney's fees against the defendants to be held jointly and severally liable.

## SIXTH CAUSE OF ACTION
Conspiracy – 42 U.S.C. 1985

119. The Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs 1 through 118 of this complaint with the same force and effect as though fully set forth herein.

120. Each and every one of the above captioned defendants, acting under color of law, individually and collectively, by way of their actions and omissions and conduct as alleged and set forth in the proceeding paragraphs, did conspire to deprive plaintiff's decedent, JOHN PRODAN, of his Fourth and Fourteenth Amendment rights, and jointly caused such deprivation of rights b acting in concert to withhold information and act in other such ways as to conceal the defendants' negligence and deprivation of constitutional and statutory rights secured by plaintiffs.

121. In furtherance of said conspiracy, the defendants Huber, Lopez and Taylor failed to investigate and punish or otherwise redress the wrongs committed by defendants ADD, Inc. and IGHL, Inc. ; and have further worked in cooperation with one another to "stonewall" the plaintiff's decedent's family from receiving information pertaining to the plaintiff decedent's injuries and death.  Said actions by defendants further denied the plaintiffs' due process rights , as guaranteed under 42 U.S.C. 1983, 1985, and the Fourth and Fourteenth Amendments of the United States Constitution.

20

122. Each of the defendants separately and in concert acted willfully, knowingly and purposefully with the specific intent to deny plaintiffs the aforementioned constitutional rights and privileges under the law.

123. That by reason of the foregoing, plaintiffs have been damaged and have suffered and are entitled to damages sustained to date and continuing, as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

### SEVENTH CAUSE OF ACTION

#### Negligent Infliction of Emotional Distress

124. Plaintiffs repeat and reiterate and re-allege each and every allegation contained in Paragraphs 1 through 123 of this complaint, with the same force and effect as though fully set forth herein.

125. The defendants, through their conduct, acts and omissions set forth in the above pleaded allegations, acted negligently, outrageously and beyond the bounds of decency, for their above-stated respective roles in the injuries sustained by plaintiff's decedent, JOHN PRODAN,; in the concealment, cover-up and failure to report and redress the wrongs done to plaintiff's decedent,JOHN PRODAN, , with the resultant effect that Plaintiff JEAN ROMEO has been caused to suffer great pain, shame, public humiliation and aguish, in having her brother injured and improperly treated at the hands of the defendants go unpunished, unredressed, concealed and supported through the actions of defendants.

126. The defendants in committing the above stated reprehensible, extreme and outrageous conduct against plaintiff's decedent, JOHN PRODAN, knew and/or should have

known that their conduct would cause severe and extreme emotional harm to JOHN PRODAN

and to his close family members, including JEAN ROMEO, and with such extreme emotional

harm being intended and/or negligently and recklessly visited upon plaintiff JEAN ROMEO.

127. Said extreme emotional harm, with psychological and physical symptoms

manifesting therefrom, did in fact occur in this case, in that the plaintiff, JEAN ROMEO,

personally suffered and continues to suffer from emotional exhaustion, physical manifestation

of symptoms of anxiety, depression and grief from having suffered the loss of her brother.

Plaintiff JEAN ROMEO further suffers the emotional and physical distress of intense stress

and anguish and psychological trauma, knowing that her brother, plaintiff's decedent, JOHN

ROMEO, was terrified, and caused to suffer fear and pain and anguish up until the moment of

his death.

128. That by reason of the foregoing, plaintiffs have been damaged and suffered, and

are entitled to damages sustained to date and continuing, as well as punitive damages, costs and

attorney's fees against the defendants to be held jointly and severally liable.


### EIGHTH CAUSE OF ACTION

#### Intentional Infliction of Emotional Distress

129. Plaintiffs repeat and reiterate and re-allege each and every allegation contained in

paragraphs 1 through 128 of this complaint, with the same force and effect as though

fully set forth herein.

130. ADD, Inc. and the individual ADD, Inc. defendants through their conduct, acts and

omissions as set forth in the above pleaded allegations, acted outrageously and beyond the

bounds of decency , for their above-stated, respective roles in the wrongful treatment of

22

plaintiff's decedent and in the concealment, cover-up and failure to address and redress the wrongs done to plaintiff's decedent, JOHN PRODAN.

131. The ADD, Inc. defendants committed the above stated reprehensible and outrageous conduct against plaintiff's decedent, JOHN PRODAN, with full knowledge that their conduct would cause severe and extreme emotional harm to JOHN PRODAN and his family, including plaintiff, JEAN ROMEO, and with such extreme emotional harm being intended.

132. Said extreme emotional harm with physical symptoms manifesting therefrom, did in fact occur, in that plaintiff's decedent was debilitated, terrified, and caused to suffer anguish and pain up until the time of his death as a result of the ADD, Inc. defendants' actions and omissions.

133. By reason of the foregoing, plaintiff, JEAN ROMEO, has suffered and is entitled to damages sustained to date and continuing, as well as punitive damages, costs and attorney's fees against the defendants, to held jointly and severally liable.

**WHEREFORE,** Plaintiffs demand judgment against the defendants:

a.   On the First Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

b.   On the Second Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

c.   On the Third Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

d.   On the Fourth Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

f.   On the Fifth Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

g.   On the Sixth Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

h.   On the Seventh Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

i.   On the Eighth Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

23

j.   Punitive damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00)

k.  Award of attorneys' fees and costs of this action to plaintiff and such other and

Further relief as this Court may deem appropriate.

A JURY TRIAL IS HEREBY DEMANDED

Dated: Riverhead, New York
       December 28, 2011

Respectfully submitted,

HARRIET A. GILLIAM (HAG2333)
Attorney for Plaintiffs
P.O. Box 1485
Riverhead, NY 11901
Tel: (631) 369-1400

24

## VERIFICATION

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF SUFFOLK    )

      JEAN ROMEO, being duly sworn, deposes and says: She is the Plaintiff in the above entitled action in her individual and representative capacity ; that she has read the foregoing Complaint and Demand for Jury Trial and knows the contents thereof; that the same are true to her knowledge ; except as to the matters therein stated to be alleged upon information and belief; and that as to those matters she believes them to be true.

_Jean Romeo_

JEAN ROMEO

Sworn to before me this
_28th_ Day of December, 2011

_Lauren A. Hellen_
Notary public

July 30, 2014
02-GI4970078, Suffolk County