```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JEAN ROMEO, individually and as the
Administratrix of the estate of John
Prodan, and the ESTATE OF JOHN PRODAN,
on behalf of the decedent, JOHN PRODAN,

                        Plaintiffs,                MEMORANDUM & ORDER

          -against-                                11-CV-6340(JS)(GRB)

AID TO THE DEVELOPMENTALLY DISABLED, INC.;
BOARD OF DIRECTORS, Aid to the
Developmentally Disabled, Inc.; INDIVIDUAL
GROUP HOME LIVING PROGRAM, INC.; BOARD OF
DIRECTORS, Individual Group Home Living
Program, Inc.; DONALD REIB, individually
and in his capacity as Executive Director,
Aid to the Developmentally Disabled;
SALLYANN BURGESS, individually and in her
capacity as Quality Assurance Officer,
Aid to the Developmentally Disabled;
STACEY ROHDE, individually and in her
capacity as Resident Manager, Aid to the
Developmentally Disabled; PAULA WANAT,
individually and in her capacity as
Program Director, QMRP, Aid to the
Developmentally Disabled; STEPHANIE
BOLOGNESE, Nursing Coordinator, Aid to
the Developmentally Disabled; JAMES
PHILIPS, individually and in his capacity
as Direct Care Counselor, Aid to the
Developmentally Disabled; MARGARET PROKOP
R.N., individually and in her capacity as
Registered Nurse, Aid to the Developmentally
Disabled; WALTER STOCKTON, individually and
in his capacity as Executive Director,
Independent Group Home of Long Island;
WILLIAM HERRICK, individually and in his
capacity as Quality Assurance Officer,
Independent Group Home of Long Island;
VICTOR TAYLOR, individually; GERALD HUBER,
individually; ROBERT LOPEZ, individually.

                        Defendants.
----------------------------------------X
```

```
APPEARANCES
For Plaintiffs:        Harriet A. Gilliam, Esq.
                       Law Office of Harriet A. Gilliam
                       P.O. Box 1485
                       711 Union Avenue
                       Riverhead, NY 11901

For Defendants:
ADD Defendants         Lewis R. Silverman, Esq.
                       Christopher James Soverow, Esq.
                       Gerald Stephen Smith, Esq.
                       Rutherford & Christie, LLP
                       369 Lexington Avenue
                       New York, NY 10017

IGHL, Inc., Stockton   David Charles Blaxill, Esq.
& Herrick              Hardin Kundala McKeon & Poletto P.A.
                       110 William Street
                       New York, NY 10038

Taylor, Huber &        Toni E. Logue, Esq.
Lopez                  New York State Attorney General's Office
                       200 Old Country Road, Suite 460
                       Mineola, NY 11501

IGHL's Board of        No appearances.
Directors
```

SEYBERT, District Judge:

Pending before the Court are two letter motions to dismiss filed by the ADD Defendants[1] and the IGHL Defendants.[2] For the following reasons, those motions are GRANTED.

---

[1] The ADD Defendants are: Aid to the Developmentally Disabled, Inc. ("ADD"); ADD's Board of Directors; Donald Reib, ADD's Executive Director; Sallyann Burgess, ADD's Quality Assurance Officer; Stacey Rohde, ADD's Resident Manager; Paula Wanat, ADD's Program Director; Stephanie Bolognese, ADD's Nurse Coordinator; James Philips, a Direct Care Counselor for ADD; Margaret Prokop, R.N., a Registered Nurse at ADD; and Theresa Ryder.

[2] The IGHL Defendants are Independent Group Home Living Program, Inc. ("IGHL"), Walter Stockton, and William Herrick.

BACKGROUND

The Court assumes familiarity with the factual background of this case, which is detailed in the Court's March 22, 2013 Memorandum and Order. (Docket Entry 48.) The Court will briefly discuss the procedural history.

Jean Romeo, individually and as the Administratrix of the Estate of John Prodan, and the Estate of John Prodan (together, "Plaintiffs") commenced this action on December 28, 2011. Before anyone answered or otherwise appeared, Plaintiffs filed an Amended Complaint on February 13, 2012 asserting claims against the ADD Defendants (with the exception of Defendant Ryder), the IGHL Defendants, IGHL's Board of Directors, and Victor Taylor, Gerald Huber, and Robert Lopez (the "State Defendants"). The Amended Complaint asserted claims pursuant to 42 U.S.C. § 1983 against the ADD and State Defendants, claims for negligence against the ADD and IGHL Defendants, and claims pursuant to 42 U.S.C. §§ 1985, 1986 and the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, and for negligent and intentional infliction of emotional distress against all Defendants. The ADD and IGHL Defendants answered the Amended Complaint and asserted cross-claims against their co-Defendants for contribution.

On April 13, 2012, the State Defendants moved to dismiss (Docket Entry 14), and on September 17, 2012, Plaintiffs sought

leave to file a Second Amended Complaint ("SAC") to add the following claims: (1) additional claims under 42 U.S.C. § 1983 against the ADD Defendants; (2) Section 1983 claims against two additional State Defendants--Jonathan Pease and Thomas Holland (the "New State Defendants"); (3) a Section 1983 conspiracy claim against the State Defendants, the ADD Defendants, and the New State Defendants; (4) a negligence claim against the ADD Defendants; and (5) a negligence claim against ADD Defendant Ryder.

On March 22, 2013, the Court granted the State Defendants' motion in its entirety, see Romeo v. Aid to the Developmentally Disabled, Inc., No. 11-CV-6340, 2013 WL 1209098 (E.D.N.Y. Mar. 22, 2013), finding that, inter alia, neither ADD nor IGHL were state actors for the purpose of 42 U.S.C. §§ 1983, 1985, 1986, id. at *4-5, and that there is no private right of action under PAIMI, id. at *7. The Court also granted in part and denied in part Plaintiffs' motion to amend, granting her leave to add a negligence claim against Ms. Ryder only. Id. at *11-12.

The ADD and IGHL Defendants filed letter motions to dismiss on April 2 and April 15, 2013 respectively, seeking dismissal of the federal claims under the "law of the case" doctrine and, with respect to the state law claims, either seeking dismissal for failure to state a claim or, in the alternative, requesting that the Court decline to extend supplemental

jurisdiction over them. (Docket Entries 50, 52.) Plaintiffs filed an opposition on April 24, 2013.

DISCUSSION

The Court will first discuss the applicable standard of review before addressing the merits of the pending motions.

I. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a plausibility standard, which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of the allegations in the Complaint as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555); accord Harris, 572 F.3d at 72. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

5

II. Federal Claims

Pursuant to the law of the case doctrine, once "a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983); see also United States v. Plugh, 648 F.3d 118, 123 (2d Cir. 2011) ("As a general matter, this Court will adhere to its own decision made at an earlier stage of the litigation." (internal quotation marks and citation omitted)). Here, the ADA and IGHL Defendants argue that Plaintiffs' constitutional claims under Sections 1983, 1985, 1986, and PAIMI against them must be dismissed based on the Court's prior rulings that they are not state actors and that PAIMI creates no privately enforceable federal rights. Plaintiffs do not dispute this, and accordingly, the ADD and IGHL Defendants' motions are GRANTED and those claims are DISMISSED WITH PREJUDICE.[3]

III. State Law Claims

Under Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), a federal court should generally decline to exercise supplemental jurisdiction

---

[3] The IGHL Board of Directors has not appeared in this action and consequently has not moved to dismiss the claims against it. The Court nonetheless DISMISSES the federal claims pled against it sua sponte for the reasons articulated in the Court's March 22, 2013 Memorandum and Order. Plaintiffs have not requested the entry of default, and the Court finds that a motion for default judgment would be futile given the law of the case.

6

over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed in the litigation's "early stages." See also 28 U.S.C. § 1367(c)(3); Tops Marks, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise supplemental pendent jurisdiction over remaining state law claims and dismissing them without prejudice."). As discussed above, the Court dismissed all of Plaintiffs' federal claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and DISMISSES them WITHOUT PREJUDICE on this basis. See Carnegie-Mellon, 484 U.S. at 350.

## CONCLUSION

For the foregoing reasons, the pending motions to dismiss are GRANTED in their entirety. Plaintiffs' federal claims are DISMISSED WITH PREJUDICE, and the Court declines to extend supplemental jurisdiction over the remaining state law claims and DISMISSES those claims WITHOUT PREJUDICE.

The Clerk of the Court is directed to CLOSE this case.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: October 3, 2013

Central Islip, NY