```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JEAN ROMEO, individually and as the
Administratrix of the estate of John
Prodan, and the ESTATE OF JOHN PRODAN,
on behalf of the decedent, JOHN PRODAN,

                        Plaintiffs,
                                                MEMORANDUM & ORDER
            -against-                           11-CV-6340(JS)(GRB)

AID TO THE DEVELOPMENTALLY DISABLED, INC.;
BOARD OF DIRECTORS, Aid to the
Developmentally Disabled, Inc.; INDIVIDUAL
GROUP HOME LIVING PROGRAM, INC.; BOARD OF
DIRECTORS, Individual Group Home Living
Program, Inc.; DONALD REIB, individually
and in his capacity as Executive Director,
Aid to the Developmentally Disabled;
SALLYANN BURGESS, individually and in her
capacity as Quality Assurance Officer,
Aid to the Developmentally Disabled;
STACEY ROHDE, individually and in her
capacity as Resident Manager, Aid to the
Developmentally Disabled; PAULA WANAT,
individually and in her capacity as
Program Director, QMRP, Aid to the
Developmentally Disabled; STEPHANIE
BOLOGNESE, Nursing Coordinator, Aid to
the Developmentally Disabled; JAMES
PHILIPS, individually and in his capacity
as Direct Care Counselor, Aid to the
Developmentally Disabled; MARGARET PROKOP
R.N., individually and in her capacity as
Registered Nurse, Aid to the Developmentally
Disabled; WALTER STOCKTON, individually and
in his capacity as Executive Director,
Independent Group Home of Long Island;
WILLIAM HERRICK, individually and in his
capacity as Quality Assurance Officer,
Independent Group Home of Long Island;
VICTOR TAYLOR, individually; GERALD HUBER,
individually; ROBERT LOPEZ, individually,

                        Defendants.
----------------------------------------X
```

```
APPEARANCES
For Plaintiffs:           Harriet A. Gilliam, Esq.
                          Law Office of Harriet A. Gilliam
                          P.O. Box 1485
                          711 Union Avenue
                          Riverhead, NY 11901

For Defendants
The ADD Defendants:       Lewis R. Silverman, Esq.
                          Christopher James Soverow, Esq.
                          Gerald Stephen Smith, Esq.
                          Rutherford & Christie, LLP
                          369 Lexington Avenue
                          New York, NY 10017

The IGHL Defendants:      David Charles Blaxill, Esq.
                          Hardin Kundala McKeon & Poletto P.A.
                          110 William Street
                          New York, NY 10038

The State Defendants:     Toni E. Logue, Esq.
                          New York State Attorney General's Office
                          200 Old Country Road, Suite 460
                          Mineola, NY 11501

IGHL's Board of
Directors:                No appearances.
```

SEYBERT, District Judge:

On December 28, 2011, plaintiffs Jean Romeo, individually and as the Administratix of the estate of John Prodan, and the Estate of John Prodan (together, "Plaintiffs") commenced this action against two mental health aid entities--defendants Aid to the Developmentally Disabled, Inc. ("ADD") and Independent Group Home Living Program, Inc. ("IGHL")--and several individual defendants employed by ADD, IGHL, and the State of New York. Plaintiffs alleged various federal and state law claims arising

out of Mr. Prodan's death while he was in the custody of ADD. By Memorandum and Order dated March 22, 2013 (the "March 22nd Order"), the Court granted a motion to dismiss filed by the State Defendants[1] and dismissed Plaintiffs' federal claims against those defendants with prejudice. (Docket Entry 48.) By Memorandum and Order dated October 3, 2013 (the "October 3rd Order"), the Court subsequently granted motions to dismiss filed by the ADD Defendants[2] and the IGHL Defendants,[3] dismissed Plaintiffs' remaining federal claims with prejudice, and declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. (Docket Entry 55.) On October 9, 2013, the Clerk of the Court entered judgment in favor of Defendants (the "October 9th Judgment"). (Docket Entry 56.)

Plaintiffs now move pursuant to Federal Rule of Civil Procedure 60(b)(6) for reconsideration of the October 3rd Order and to vacate the October 9th Judgment so that they may file a

---

[1] The State Defendants are Victor Taylor, Gerald Huber, and Robert Lopez.

[2] The ADD Defendants are ADD; ADD's Board of Directors; Donald Reib, ADD's Executive Director; Sallyann Burgess, ADD's Quality Assurance Officer; Stacey Rohde, ADD's Resident Manager; Paula Wanat, ADD's Program Director; Stephanie Bolognese, ADD's Nurse Coordinator; James Philips, a Direct Care Counselor for ADD; Margaret Prokop, R.N., a Registered Nurse at ADD; and Theresa Ryder.

[3] The IGHL Defendants are IGHL, Walter Stockton, and William Herrick.

proposed Third Amended Complaint.  (Docket Entry 57.)  For the following reasons, Plaintiffs' motion is DENIED.

BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case, which is detailed in the Court's March 22nd and October 3rd Orders.  See Romeo v. Aid to the Developmentally Disabled, Inc., No. 11-CV-6340, 2013 WL 1209098 (E.D.N.Y. Mar. 22, 2013) ("Romeo I"); Romeo v. Aid to the Developmentally Disabled, Inc., No. 11-CV-6340, 2013 WL 5532649 (E.D.N.Y. Oct. 3, 2013) ("Romeo II").  The Court will briefly discuss the procedural history.

As noted, Plaintiffs commenced this action seeking redress for Mr. Prodan's death while he was in the custody of ADD. The Amended Complaint asserted claims pursuant to 42 U.S.C. § 1983 against the ADD Defendants and the State Defendants, claims for negligence against the ADD Defendants and the IGHL Defendants, and claims pursuant to 42 U.S.C. §§ 1985, 1986 and the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, and for negligent and intentional infliction of emotional distress against all Defendants.  (Docket Entry 2.)

On April 13, 2012, the State Defendants moved to dismiss. (Docket Entry 14.)  On March 22, 2013, the Court granted the State Defendants' motion in its entirety.  See Romeo I, 2013 WL 1209098. The Court determined, inter alia, that the State Defendants were

4

not subject to liability under 42 U.S.C. §§ 1983, 1985, 1986 because neither ADD nor IGHL were state actors and that Mr. Prodan, therefore, was not in the custody of the State while he was in the custody of ADD and/or IGHL. Id. at *4-6. The Court further found that there is no private right of action under PAIMI. Id. at *7.

The ADD and IGHL Defendants subsequently filed letter motions to dismiss on April 2 and April 15, 2013, respectively, seeking dismissal of the federal claims against them under the "law of the case" doctrine and, with respect to the state law claims, either seeking dismissal for failure to state a claim or, in the alternative, requesting that the Court decline to extend supplemental jurisdiction over them.[4] (Docket Entries 50, 52.) On October 3, 2013, the Court dismissed with prejudice the federal claims against the ADD Defendants and IGHL Defendants based on the Court's prior rulings that the ADD Defendants and IGHL Defendants were not state actors and that PAIMI creates no privately enforceable federal rights. Romeo II, 2013 WL 5532649, at *2. The Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismissed those claims without prejudice to refiling in state court. Id.

---

[4] The ADD and IGHL Defendants had originally answered the Amended Complaint and asserted cross-claims against their co-Defendants for contribution. (Docket Entries 8, 11.)

5

On October 9, 2013, the Clerk of the Court entered judgment in Defendants' favor in accordance with the Court's October 3rd Order and closed this case. (Docket Entry 56.) Six months later, on April 9, 2014, Plaintiffs filed the instant motion for reconsideration of the October 3rd Order and to vacate the October 9th Judgment so that Plaintiffs may file a proposed Third Amended Complaint. (Docket Entry 57.) This motion is currently pending before the Court.

## DISCUSSION

The Court will first set forth the applicable legal standard before addressing Plaintiffs' specific grounds for reconsideration.

I. Legal Standard

Federal Rule of Civil Procedure 60(b) permits a district court to reconsider a final judgment or order based on any one of five specified reasons or under a sixth, "catchall" provision, which Plaintiffs argue applies here. FED. R. CIV. P. 60(b). The catchall provision, which states that a court may relieve a party for "any other reason justifying relief," FED. R. CIV. P. 60(b)(6), "'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case.'" Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (alteration in original) (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d

6

Cir. 1986)). Although the catchall provision is "'liberally construed when substantial justice will . . . be served,'" Church & Dwight Co. v. Kaloti Enters. of Mich., LLC, No. 07-CV-0612, 2011 WL 4529605, at *2 (E.D.N.Y. Sept. 28, 2011) (quoting LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001)), motions under Rule 60(b) are "generally not favored," Pichardo, 374 F.3d at 55 (internal quotation marks and citation omitted). To warrant reconsideration under the catchall provision, the movant must demonstrate "extraordinary circumstances" or "extreme and undue hardship." Trs. of Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 274 (E.D.N.Y. 2010)).

Moreover, Rule 60(b) "'strikes a balance between serving the ends of justice and preserving the finality of judgments.'" Philips Lighting Co. v. Schneider, No. 05-CV-4820, 2014 WL 4274182, at *5 (E.D.N.Y. Aug. 28, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). Accordingly, "a Rule 60(b) motion cannot be used to raise new claims or defenses or present new arguments that could have been raised earlier." Philips Lighting, 2014 WL 4274182, at *5 (collecting cases); see also United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977) ("[C]ourts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case.").

7

There is no specific time limit for bring a motion under the catchall provision; the motion "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). Determining whether a motion under Rule 60(b) has been made within a reasonable time requires a court to "'scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.'" Carbone v. Cunningham, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (quoting PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)).

II. Application

Reconsideration under Rule 60(b)(6) is not warranted here. Plaintiffs do not contest the validity of the March 22nd Order, October 3rd Order, or the October 9th Judgment dismissing Plaintiffs' claims. Instead, Plaintiffs urge reconsideration because Plaintiffs have "identif[ied] other bases for federal jurisdiction under Section 504 of the Rehabilitation Act; The Medicaid Act and the Federal Nursing Home Reform Act . . . ." (Pls.' Br., Docket Entry 57-3, at 7.) However, as noted above, a Rule 60(b) motion is not appropriate to raise new claims that could have been raised earlier.

The only excuse Plaintiffs offer for not raising these claims earlier is that, according to Plaintiffs, this Court "recently acknowledged" the Rehabilitation Act, the Medicaid Act, and the Federal Nursing Home Reform Act "as the bases for federal

8

jurisdiction against a similar type of agency and its employees in" the case of Weisenberg v. Edwards, No. 12-CV-4874(ADS)(ARL). (Pls.' Br. at 7.) However, as Defendants correctly note, Weisenberg settled before the Court rendered any substantive decision. Thus, to the extent Plaintiffs argue that reconsideration is warranted on the ground that Weisenberg clarified or changed the law, such argument fails. In any event, a motion for reconsideration under Rule 60(b)(6) must be made within a reasonable time, and Plaintiffs waited six months after Weisenberg settled to file their motion for reconsideration. The Court does not consider this delay to be reasonable. See Hunter v. Citibank, N.A., 862 F. Supp. 902, 906 (E.D.N.Y. 1994) (holding that Rule 60(b)(6) motion for reconsideration filed seven months after issuance of a decision allegedly clarifying the law at issue was not timely), aff'd, 60 F.3d 810 (2d Cir. 1995).

Plaintiffs also urge the Court to exercise diversity jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332 because Ms. Romeo, as executor of Mr. Prodan's estate, recently relocated to Massachusetts. (Pls. Br. at 1-2.) This argument is patently meritless. It is well settled that the legal representative of a decedent's estate is deemed to have the same citizenship as the decedent. See 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .");

9

Manley v. Doby, No. 12-CV-4835, 2012 WL 5866219, at *5 (E.D.N.Y. Nov. 19, 2012) ("Plaintiff, who has brought this action as the legal representative of the estate, assumes the undisputed New York residence of her sister."); Tarka v. Greenfield Stein & Senior, LLP, No. 00-CV-1262, 2000 WL 1121557, at *6 (S.D.N.Y. 2000) ("Although she is a Connecticut resident, plaintiff is deemed to be a citizen of New York while acting in her capacity as administratrix of the Estate of her late mother, who was a New York resident."). Here, notwithstanding Ms. Romeo's citizenship, Mr. Prodan was a citizen of New York and there are New York defendants in this case. Thus, the Court could not proceed on diversity jurisdiction because complete diversity of the parties is lacking.[5] Plaintiffs' motion for reconsider and to vacate is therefore DENIED.

---

[5] Moreover, even if Ms. Romeo's citizenship was relevant, "the question of whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced . . . ." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (internal quotation marks and citation omitted) (brackets omitted) (ellipsis in original).

10

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration and to vacate (Docket Entry 57) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  7 , 2015
       Central Islip, NY